# IN THE COURT OF APPEALS OF IOWA

No. 20-0709
Filed March 2, 2022

**ARTHUR LAMAR BENSON,**
Plaintiff-Appellee,

**vs.**

**STATE PUBLIC DEFENDER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, David Nelmark, Judge.

The State Public Defender appeals an order to pay expert witness fees.

**AFFIRMED.**

William Bushell of State Public Defender's Office, Des Moines, for appellant.

Jamie Hunter and Gary Dickey of Dickey, Campbell & Sahag Law Firm,

PLC, Des Moines, for appellee.

Heard by Tabor, P.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

The State Public Defender (SPD) appeals the district court's order requiring it to pay the expert witness fees claimed by an expert retained by a postconviction-relief (PCR) applicant.

## I.  Facts and Proceedings

Arthur Benson and his codefendant were convicted of several counts of first-degree robbery and one count of first-degree burglary in 2015.  We affirmed their convictions on direct appeal.[1]  In 2017, Benson filed an application for PCR based on ineffective assistance of his trial counsel.[2]  Shortly thereafter, Benson moved the court to appoint an attorney as an expert witness at state expense.  The stated purpose for the expert witness was "to testify as to trial counsel's diligence[,] to explain to the trial court the prevailing norms of criminal practitioners[,] and to assist the trier of fact in determining whether trial counsel acted with proper diligence."  The State resisted the request, asserting this was not an area in which expert testimony of this nature would be admissible.  The court granted Benson's request, allowing Benson to retain attorney Greg Racette at State expense.  The court also set the hourly rate and fee cap for Racette's services as an expert witness.  After a PCR trial, the court granted Benson's PCR application, finding his trial counsel was ineffective. The State did not appeal.

---

[1] *See State v. Benson*, No. 15-1895, 2016 WL 7393891, at *3–4 (Iowa Ct. App. Dec. 21, 2016); *State v. Rendon*, No. 15-1832, 2016 WL 6270092, at *2–7 (Iowa Ct. App. Oct. 26, 2016).

[2] Benson's criminal co-defendant also filed a PCR application.  Their applications were consolidated into a joint PCR proceeding.  The co-defendant's claims are not at issue in this proceeding.

Following the PCR trial, Racette submitted a fee claim to the SPD. The SPD denied the claim, stating "[i]t is not an indigent defense claim" and "a client may have only one attorney appointed for the case." Benson's attorney filed a motion for judicial review of the SPD's denial. Following a hearing to review the denial, the district court ordered the SPD to pay Racette's fees as an expert witness. The SPD appeals the district court's ruling.

## II.     Standard of Review

Judicial review of the SPD's denial of a fee claim is governed by Iowa Code section 13B.4(4)(d) (2020). A motion for judicial review of the denial must be filed in the court with jurisdiction over the original appointment.[3] Unless the SPD's denial is contrary to a statute or administrative rule, the denial must be affirmed.[4] We review the district court's review of the SPD's denial of a fee claim for correction of errors at law.[5]

## III.     Analysis

On appeal, the SPD makes three arguments for why payment of Racette's fee claim is not required or permitted: (1) the district court erred in using a professional liability standard in a PCR case; (2) indigent PCR applicants are only permitted one attorney; and (3) Iowa Code section 13B.4 permits the SPD to deny fee claims even if the court orders payment.

### A.     Error preservation.

When the SPD denied Racette's fee claim, the only ground for denial cited

---

[3] *Simmons v. State Public Defender*, 791 N.W.2d 69, 72 (Iowa 2010); *see also* Iowa Code § 13B.4(4)(d).
[4] *Simmons*, 791 N.W.2d at 72.
[5] *Simmons*, 791 N.W.2d at 73 (citing Iowa R. App. P. 6.907).

by the SPD was Racette's entitlement to one attorney, i.e. the one-attorney rule. Similarly, during the reported hearing on the fee-claim dispute before the district court, the SPD focused entirely on the one-attorney rule. As the SPD remarked during the hearing, "just to summarize the [SPD's] position, only one attorney can be appointed in a case." Accordingly, the district court's ruling on the fee claim rejected the SPD's argument on the one-attorney rule without addressing the other arguments the SPD raises on appeal. The court further found any questions about whether Racette was properly appointed as an expert in the underlying PCR action are "beyond the scope of the present Motion."

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."[6] The district court only considered and decided the one-attorney issue. Therefore, only the one-attorney issue is properly presented on appeal, and we do not consider the SPD's other arguments on whether the district court applied the wrong standard in the PCR case or whether the SPD has the statutory power to deny a fee claim even after a court orders payment.[7] We offer no opinion on whether an attorney may be appointed as an expert witness at State expense in a PCR proceeding.

### B. One-Attorney Rule

The SPD contends it may deny Racette's fee claim because Benson is not permitted to have a second attorney appointed at State expense. Except in class "A" felony cases, "[a]n indigent person is entitled to the appointment of one

---

[6] *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).
[7] *See Meier*, 641 N.W.2d at 537.

attorney" at State expense.[8]  Because Benson is a PCR applicant and not a criminal defendant facing a class "A" felony charge, the SPD argues it properly denied Racette's fee claim as being for additional counsel in violation of section 815.10.[9]

The fatal flaw in the SPD's argument is that Racette was not appointed as counsel under section 815.10.  Instead, Racette was appointed as an expert witness under section 815.4.[10]  The district court confirmed as such when it remarked during the fee claim hearing, "I did not appoint additional counsel here. I approved an expert witness fee."  Because Racette served as a court-appointed expert witness under section 815.4, his fee claim cannot be denied on the basis that he was appointed contrary to section 815.10.

Nevertheless, the SPD maintains "Racette was only an expert by name, in every other capacity of his role, he was an attorney on the case."  The SPD notes that Racette testified as to criminal defense practice and his opinion of criminal legal standards.  While that is true, the record contains no evidence to support the assertion that Racette actually served as an attorney in the PCR proceeding, and the district court made no such finding.  Racette's testimony made it clear that he had little contact with the applicants' attorneys outside of obtaining the necessary

---

[8] Iowa Code § 815.10(1)(b).  Despite being indigent, Benson's PCR counsel stated she was privately retained by Benson's family, so the SPD paid no attorney fees for Benson's claim.  Benson concedes he was entitled to the appointment of one attorney at State expense and does not claim that he was entitled to a court-appointed attorney in addition to his privately retained attorney.  *See id.*

[9] *See* Iowa Code § 13B.4(4)(c)(2)(d) (allowing the SPD to deny a fee claim if the claimant was appointed contrary to section 815.10).

[10] *See Linn v. State*, 929 N.W.2d 717, 749 (Iowa 2019) (finding a PCR court may appoint an expert witness at State expense if there is "a reasonable need for expert services").

information about the case, and Racette did not advise counsel on how to work the PCR case. The SPD concedes that it is "technically correct" that Racette "was not appointed as counsel nor did he have an attorney-client relationship with" Benson. Based on the evidence and the State's concession, we reject the assertion that Racette was not entitled to compensation because he was an additional attorney in name or in an informal capacity. Racette was an expert witness, not an attorney representing Benson. He should be compensated accordingly.

## IV.    Conclusion

We find the one-attorney rule—the only issue properly presented for our review—is not a valid ground to deny Racette's fee claim, and we find no error in the court's conclusion that the SPD improperly denied the fee claim. We affirm the district court's decision requiring the SPD to pay the claimant's expert witness fees.

**AFFIRMED.**